# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CRAIG B. LEAVERS,** | * |
| Appellant, | * |
| v. | * |
| **LEOPOLD A. MCLAUGHLIN, III,** | * |
| Appellee. | * |

CIVIL NO. JKB-22-0396

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case comes before this Court on appeal from the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). The case arises from a Chapter 7 bankruptcy case filed by Leopold Aston McLaughlin III. McLaughlin filed a Motion to Withdraw and Dismiss Bankruptcy, which the Bankruptcy Court granted. The Trustee, Craig B. Leavers, appeals that decision. The matter is briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, the Court will vacate the decision of the Bankruptcy Court and remand for further proceedings consistent with this Opinion.

### I.    *Factual and Procedural Background*

On February 4, 2020, *pro se* appellee[1] Leopold Aston McLaughlin III filed a Chapter 7 Voluntary Petition for Bankruptcy ("Bankruptcy Petition"). (Bankr. Pet., ECF No. 2-2.) Appellant Craig B. Leavers served as Trustee during the bankruptcy proceedings.

In his Bankruptcy Petition, McLaughlin checked a box that stated: "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy

---

[1]    McLaughlin was also *pro se* during his bankruptcy proceedings.

petition, but I do not have a certificate of completion."[2] (Bankr. Pet. at 5.)

On February 5, 2020, the Bankruptcy Court issued McLaughlin a notice indicating that certain necessary documents, including a Credit Counseling Certificate, were missing from McLaughlin's filing, and that the case would be dismissed if the documents were not submitted. (Notice of Deadline for Filing Missing Document, ECF No. 2-3.) McLaughlin eventually filed his Certificate of Counseling on April 24, 2020. (Certificate of Counseling, ECF No. 2-12.) It indicated that McLaughlin received credit counseling on April 21, 2020, 77 days after he filed the Bankruptcy Petition. (*Id.*)

On April 20, 2020, the Trustee applied for authority to employ counsel for purposes of intervening in McLaughlin's mother's probate proceeding in the Orphan's Court for Prince George's County, Maryland. (Trustee's Appl. for Authority to Employ Counsel at 2, ECF No. 2-8.) The Trustee explained that "there exists an asset, [McLaughlin's] mother's unencumbered house, having an approximate value of $300,000 that has not yet been liquidated." (*Id.*) The Trustee further explained that the probate proceedings were delayed because McLaughlin's sister, the personal representative of McLaughlin's mother's estate, had failed to appear. (*Id.*) The Trustee explained that he "desire[d] to retain counsel to intervene in the Mother's Probate Estate so as to ensure the appointment of a personal representative other tha[n] [McLaughlin's] twin sister that will liquidate the estate's assets without any further delay." (*Id.*) The Trustee, Craig B.

---

[2] The other options were: (1) "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion"; (2) "I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement"; or (3) "I am not required to receive a briefing about credit counseling because of" incapacity, disability, or active duty military service. (Bankr. Pet. at 5.)

11 U.S.C. § 109(h)(1) provides that, "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received" credit counseling "from an approved nonprofit budget and credit counseling agency."

2

Leavers, sought to employ the Law Offices of Craig B. Leavers, LLC as counsel to the Trustee. (*Id.* at 3.)

The Bankruptcy Court granted the Trustee's application on May 11, 2020. (Order Authorizing Employment of Counsel for Trustee, ECF No. 2-13.) The Trustee filed a petition in the Orphan's Court to remove McLaughlin's sister as personal representative, which that court granted. (*See* ECF Nos. 2-18, 2-19.) There has been further litigation in the probate proceeding, and such proceeding remains pending. (Appellant Br. at 5, ECF No. 3.)

On July 16, 2020, the Trustee requested a deadline for creditors to file proofs of claim. (Notice of Assets, ECF No. 2-14.) Two creditors filed proofs of claim: (1) Prince George's County Office of Child Support ($48,060.47 for arrears in child support payments) and (2) Baltimore Gas and Electric Company ($900.00). (Appellant Br. at 5.)

On October 7, 2021, McLaughlin filed a Motion to Withdraw and Dismiss Bankruptcy (the "Motion"). (Mot. Dismiss, ECF No. 2-15.) He explained that he was seeking dismissal because he was being forced to sell the family home, of which he did not have full ownership, "[d]ue to Child Support arrears, which were <u>not included</u> in the bankruptcy and [which are] already under court order." (*Id.* (emphasis in original).) He argued that his financial situation had improved such that he could arrange to pay his creditors outside of bankruptcy, and that the pending bankruptcy proceeding had prevented him from moving on with his life. (*Id.*)

The Trustee opposed the Motion, explaining that creditors would be prejudiced by the dismissal of the bankruptcy case. (*See generally* Opp'n to Mot. Dismiss, ECF No. 2-16.) The Trustee explained that he "ha[d] taken actions to recover an asset of the estate" and that, if the case were to be dismissed, "there will be no assurance that [the] creditors will get paid." (*Id.* at 6.) The Trustee further explained that he had "incurred administrative fees and expenses" in seeking to

3

recover McLaughlin's inheritance. (*Id.* at 7 (noting that he had "incurred legal fees in the amount of $4,720.00 and expenses in the amount of $109.01").) The Trustee explained that he "object[ed] to the dismissal of the Bankruptcy Case absent some assurance of payment of these and future administrative fees and expenses." (*Id.*)

The Bankruptcy Court held a hearing on the Motion on November 15, 2021. (Hr'g Tr., ECF No. 2-32.) Thereafter, the parties filed supplemental briefs. McLaughlin explained that "no one from Child Support Enforcement was at the hearing" despite notifications being sent to that office. (Suppl. Mot. Dismiss, ECF No. 2-31.) He also filed additional documents relating to his "improved financial situation[,]" including an account statement for his personal savings account (reflecting a deposit in October 2021 of $10,000 and an ending balance of $7,503.43 on November 8, 2021); an account statement for his personal checking account (reflecting an ending balance of $1,110.22 on November 10, 2020); a February 11, 2021 document from the Maryland Department of Assessments and Taxation reflecting the acceptance of filing articles of incorporation for Progeny Life Insurance[3]; and a State of Maryland Insurance License issued to McLaughlin. (*Id.*)

The Trustee disputed McLaughlin's purported improved financial situation, noting that McLaughlin had not been making required child support payments. (Supp. Opp'n to Mot. Dismiss, ECF No. 2-34.) The Trustee also explained that dismissal of the case would be prejudicial to creditors because McLaughlin would be judgment-proof, as McLaughlin's inheritance from his mother's estate would not be available to creditors outside of the bankruptcy and McLaughlin has no income or assets. (*Id.*) The United States Trustee for Region Four also filed a supplemental brief, citing case law describing the competing goals of bankruptcy as both a debtor relief tool and a creditor protection tool, and explaining that courts generally do not grant voluntary dismissals

---

[3] Progeny Life Insurance is an insurance company that McLaughlin started that helps parents pay child support arrears. (Hr'g Tr. at 37–38.)

4

where creditors will be prejudiced and that creditors would be prejudiced in this case. (*See generally* U.S. Trustee Opp'n to Mot. Dismiss, ECF No. 2-38.)

The Bankruptcy Court granted the Motion and ordered the case dismissed on February 1, 2022. (Bankr. Ct. Mem. Op., ECF No. 1-1.) The Bankruptcy Court explained that it was dismissing the case for two reasons. First, acknowledging that "this particular case presents a difficult issue for the Court[,]" the Bankruptcy Court concluded that "on balance, the requested dismissal will benefit the debtor without prejudice to creditors." (*Id.* at 4, 6.) The Bankruptcy Court explained that it was "not inclined to trap individuals in a bankruptcy case when those individuals did not fully understand their rights" and that McLaughlin's family would "potentially be significantly harmed by a denial of the requested dismissal." (*Id.* at 6.) Second, the Bankruptcy Court explained that it "discovered that [McLaughlin] is not eligible to be a debtor in a chapter 7 case under section 109(h)(1) of the Bankruptcy Code." (*Id.* at 2.) In particular, the Bankruptcy Court found that "[t]he Certificate of Credit Counseling was untimely filed by [McLaughlin]" and that "the Court finds no reasons or grounds in this particular case to consider a waiver of the counseling requirement." (*Id.* at 6–7.)

The Trustee appealed, presenting the following question: "whether the Bankruptcy Court erred in granting the debtor's (appellee's) motion to dismiss." (Appellant Br. at 2.)

## II. *Legal Standard*

Final orders of a bankruptcy court are appealable to a district court pursuant to 28 U.S.C. § 158(a). District courts review a "bankruptcy court's denial of a motion to dismiss for abuse of discretion, its factual findings for clear error, and its legal conclusions de novo." *Janvey v. Romero*, 883 F.3d 406, 410 (4th Cir. 2018). An abuse of discretion may occur if a court applies the incorrect legal standard, rests its decision on "a clearly erroneous finding of a material fact,"

5

or "misapprehended the law with respect to underlying issues in litigation." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79 (4th Cir. 1988).

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." *Harman v. Levin*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985). Remand is necessary where "the bankruptcy court's failure to make sufficient factual findings in support of its legal conclusions does not allow for meaningful appellate review[.]" *Behrmann v. Nat'l Heritage Found.*, 663 F.3d 704, 709 (4th Cir. 2011); *see also In re Spangler*, 56 B.R. 990, 991 (D. Md. 1986) ("If the findings of the Bankruptcy Court are made in conclusory fashion and the record below does not permit meaningful review, a remand by the district court for further proceedings may be in order.").

### *III. Analysis*

The Court finds that the Bankruptcy Court erred in concluding that there would be no prejudice to creditors and will therefore remand the matter to the Bankruptcy Court to determine whether—in light of the existence of some prejudice to creditors—the case should be dismissed. Further, the Bankruptcy Court's finding that there were no grounds to consider a waiver of the credit counseling requirement was too conclusory to allow for this Court's meaningful appellate review. Accordingly, the Court will remand this matter to the Bankruptcy Court for further proceedings consistent with this opinion.

### *A. Voluntary Dismissal*

In dismissing the case, the Bankruptcy Court explained that its decision was governed by 11 U.S.C. § 707(a) and that "courts consider whether the requested dismissal is beneficial to the

6

debtor and *not* prejudicial to creditors" and concluded that "on balance, the requested dismissal will benefit the debtor without prejudice to creditors." (Bankr. Ct. Mem. Op. at 5, 6 (emphasis in original).) The Bankruptcy Court erred in concluding that there was no prejudice to creditors.

Section 707(a) provides that a bankruptcy court may dismiss a case "after notice and a hearing and only for cause[.]" "'Cause' is an open-ended term" and "[b]ankruptcy courts are therefore left to determine case by case what constitutes valid cause for dismissal of a Chapter 7 bankruptcy petition." *Janvey*, 883 F.3d at 411.

In determining whether to dismiss a case under § 707(a), "[t]he court must balance the equities and weigh the 'benefits and prejudices' of a dismissal." *In re Blue*, 4 B.R. 580, 584 (Bankr. D. Md. 1980) (citation omitted); *see also Janvey*, 883 F.3d at 411 (explaining that Chapter 7 of the Bankruptcy Code "supplies various tools for bankruptcy courts to use in policing the Code's enduring tension between debtors and creditors[,]" including § 707(a)). In conducting this inquiry, "courts have weighed the good faith of the [debtor], whether or not the [debtor] was guilty of laches, and the absence or presence of creditor consent" and "have particularly emphasized the possible adverse effects of the discontinuance of the proceedings upon the interests of creditors." *In re Blue*, 4 B.R. at 584; *see also In re McCullough*, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999) ("The key decision, this Court has held, is whether the dismissal is in the best interests of the creditors and the debtor . . . A voluntary dismissal will normally be denied when the dismissal will cause some plain legal prejudice to the debtor's creditors.").

In this case, the Bankruptcy Court explained that "on balance, the requested dismissal will benefit the debtor without prejudice to creditors." (Bankr. Ct. Mem. Op. at 6.) The Bankruptcy Court erred in reaching this conclusion, as there will be at least some measure of prejudice to McLaughlin's creditors.

7

"There [ ] is general agreement [among courts] that creditors would be prejudiced if estate assets, available to creditors in the bankruptcy case and needed to pay their claims, would become unavailable upon dismissal." *In re Herrera*, 554 B.R. 262, 268 (Bankr. D.N.M. 2016); *see also In re Hoang*, Bankr. No. 05-21078-TJC, 2010 WL 2671712, at *4 (Bankr. D. Md. July 2, 2010) ("Legal prejudice is found to exist where assets which would otherwise be available to the creditors are not available because of the dismissal." (quoting *In re McCullough*, 229 B.R. at 376)); *In re Komyathy*, 142 B.R. 755, 757 (Bankr. E.D. Va. 1992) ("Legal prejudice is found to exist where assets which would otherwise be available to creditors are lost because of the dismissal." (quotations and citation omitted)). Here, there exists such an asset: McLaughlin's inheritance from his mother's estate.[4]

Further, "[c]ourts are in general agreement that a substantial delay between the petition date and the dismissal motion filing date is prejudicial[,]" as such delay will have caused creditors to forestall collecting amounts owed to them during the pendency of the bankruptcy. *In re Herrera*, 554 B.R. at 268. In this case, McLaughlin filed his Bankruptcy Petition on February 4, 2020 and filed his Motion on October 7, 2021, a delay of over a year and half.

Therefore, at least some prejudice inures to McLaughlin's creditors in dismissing this case. Whether such prejudice is sufficient to merit denial of McLaughlin's Motion to Dismiss is an issue best considered in the first instance by the Bankruptcy Court. *See In re Dudley*, 405 B.R. 790, 800 (Bankr. W.D. Va. 2009) ("The decision to dismiss a bankruptcy petition under § 707(a) lies within the sound discretion of the bankruptcy court."). Accordingly, the Court will remand to the Bankruptcy Court the question of whether dismissal is appropriate here in view of the fact that

---

[4] Alternatively, to the extent that the Bankruptcy Court found that this asset would be available outside of the bankruptcy or that there is some other reason that creditors would not be prejudiced, the Bankruptcy Court's opinion is not supported by sufficient factual findings or discussion to allow this Court to assess that determination on appeal.

8

some amount of prejudice to the creditors exists.

### B. *Certificate of Credit Counseling*

As a second ground for dismissal, the Bankruptcy Court concluded that McLaughlin "is not eligible to be a debtor in this chapter 7 case. The Certificate of Credit Counseling filed by the Debtor is untimely, and the Court finds no reasons or grounds in this particular case to consider a waiver of the counseling requirement." (Bankr. Ct. Mem. Op. at 6–7.) Appellant argues that the credit counseling requirement in § 109(h) is "not jurisdictional and can be waived by a debtor's conduct or otherwise corrected or excused by the court." (Appellant Br. at 17.) Appellee only argues that "[t]he delayed filing of the Certificate of Credit Counseling was never approved by the judge; thus, the delinquent filing would have dismissed the case."[5] (Appellee Br. at 2, ECF No. 4.) The Court will remand consideration of this issue to the Bankruptcy Court.

11 U.S.C. § 109(h)(1) provides that, "an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received" credit counseling "from an approved nonprofit budget and credit counseling agency." The statute provides that debtors can receive permanent and temporary waivers of the credit counseling requirement under certain limited circumstances, which are not applicable here.

Courts in this circuit apply the § 109(h) credit counseling requirement strictly, including in circumstances where a debtor completes credit counseling outside of the prescribed timeframe. *See, e.g., Robertson v. Kremen*, Civ. No. WDQ-12-0342, 2012 WL 1999499, at *3 (D. Md. June 1, 2012) ("Although the bankruptcy code is silent on the consequences for failing to comply with

---

[5] This issue appears to have been raised for the first time in the Bankruptcy Court's Order granting the Motion. The parties did not address it during the hearing, nor did they address it in their briefing to the Bankruptcy Court.

9

§ 109(h), the majority of courts have held that mandatory dismissal is the appropriate remedy, even though it can yield a harsh result. Bankruptcy judges in our district have followed the majority approach." (quotations and citations omitted)); *In re Graves*, Bankr. No. DK-06-15256, 2006 WL 4482002, at *1 (Bankr. D. Md. Oct. 12, 2006) (dismissing a case for debtor's failure to complete credit counseling and explaining that "[t]he debtor's completion of counseling post-petition does not satisfy the requirement set forth in Section 109(h)(1) that debtor complete the counseling 'preceding' the petition date"). In addition, courts in this circuit have generally found that bankruptcy courts do not have discretion to disregard a failure to comply with § 109(h). *See, e.g.*, *In re Mitrano*, 409 B.R. 812, 817 (E.D. Va. 2009) ("The bankruptcy court decisions in this district have generally subscribed to the view that there is no discretion in applying the requirements of Section 109(h)."); *In re Dyer*, 381 B.R. 200, 203 (Bankr. W.D.N.C. 2007) ("[W]hile bankruptcy courts may quibble whether a filing in violation of § 109(h) is void or instead is subject to dismissal, almost all bankruptcy courts agree such a case may not be administered.").

However, courts recognize an exception to the strict application of § 109(h) where its enforcement would result in an abuse of the bankruptcy system. In particular, "[i]n cases where debtors have attempted to use their own non-compliance strategically in order to have their cases dismissed when further proceedings were not to their benefit, most courts have held that a court has the discretion to waive the § 109(h) requirement." *In re Amir*, 436 B.R. 1, 21 (B.A.P. 6th Cir. 2010) (quotations omitted) (collecting cases); *see also In re Bain*, Bankr. No. 08-13395-SSM, 2008 WL 2570831, at *2 (Bankr. E.D. Va. June 23, 2008) ("[T]he eligibility requirements of § 109(h) . . . are . . . not freely waivable at the court's discretion, but only, if at all, to prevent an abuse of the bankruptcy system.").

Several courts have found waiver or have applied judicial estoppel where a debtor seeks

10

dismissal based on his failure to comply with § 109(h). For example, Appellant points the Court to *In re Lilliefors*, 379 B.R. 608 (Bankr. E.D. Va. 2007). In that case, a debtor sought dismissal of his bankruptcy case due his non-compliance with § 109(h), despite having earlier certified "under penalty of perjury that he completed credit counseling within 180 days before filing his bankruptcy petition, a requirement to commence his case." *Id.* at 611. The court did not dismiss the case, finding that "[t]he debtor cannot be permitted to commence this bankruptcy case based on his own sworn statement that he completed credit counseling only to silently seek dismissal by failing to file the certificate verifying his compliance." *Id.* Relevant to the court's conclusion were also the facts that creditors would be prejudiced and there was no assurance that creditors would be paid if the case was dismissed. *Id.* Other courts facing similar facts have also concluded that debtors had waived or were judicially estopped from taking inconsistent positions with respect to their § 109(h) compliance. *See, e.g., In re Fiorillo*, 455 B.R. 297, 311 (D. Mass. 2011); *In re Parker*, 351 B.R. 790, 798–99 (Bankr. N.D. Ga. 2006); *In re Mendez*, 367 B.R. 109, 118 (B.A.P. 9th Cir. 2007); *In re Timmerman*, 379 B.R. 838, 847 (Bankr. N.D. Iowa 2007).

The Court recognizes that this case presents unique circumstances. McLaughlin represented in his Bankruptcy Petition that he had obtained credit counseling within the requisite timeframe. (*See* Bankr. Pet. at 5.) He had evidently not done so, as the Certificate of Compliance that he eventually filed indicates that he received the required counseling 77 days after he filed his Bankruptcy Petition. (*See* Certificate of Counseling.) The case nevertheless proceeded, and McLaughlin sought dismissal of his case, although not on the basis of his failure to comply with § 109(h). The Bankruptcy Court granted the dismissal based on both the grounds discussed above and the failure to comply with § 109(h) credit counseling, an issue the Bankruptcy Court raised *sua sponte*.

11

However, the Bankruptcy Court's conclusion that it "finds no reasons or grounds in this particular case to consider a waiver of the counseling requirement" (Bankr. Ct. Mem. Op. at 6–7) is too conclusory to allow for this Court's appellate review of the determination that there was no waiver the § 109(h) requirement here. Accordingly, the Court will also remand the question of whether estoppel or waiver is appropriate in this circumstance.

### IV. Conclusion

For the foregoing reasons, a separate Order will issue vacating the Bankruptcy Court's order granting McLaughlin's Motion and remanding case to the Bankruptcy Court for further proceedings.

DATED this 4 day January, 2023.

BY THE COURT:

James K. Bredar
Chief Judge